Terry Gross (terry@gba-law.com) (103878)
Adam C. Belsky (adam@gba-law.com) (147800)
Monique Alonso (monique@gba-law.com) (127078)
GROSS BELSKY ALONSO LLP
180 Montgomery Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 544-0200
Facsimile:   (415) 544-0201

Attorneys for Plaintiffs

FILED

2009 FEB -5  A 11: 04

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

ADR

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLO CUSTODIO, ROMEL CUSTODIO, MARILOU CUSTODIO, and OSCAR "O.J." CUSTODIO, JR., <br><br> Plaintiffs, <br><br> v. <br><br> THE COUNTY OF SANTA CLARA, CALIFORNIA, THE CITY OF SAN JOSE, POLICE CHIEF ROBERT DAVIS, individually and in his official capacity as Chief of the San Jose Police Department, SAN JOSE POLICE DEPARTMENT SERGEANT EVANS (Badge #2339), individually and in his official capacity as a supervisorial police officer for the CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT OFFICERS EPP (Badge #3048), individually and in his capacity as a police officer for the CITY OF SAN JOSE, MORASCI (Badge #3292), individually and in his capacity as a police officer for the CITY OF SAN JOSE, TRAN (Badge #3269), individually and in his capacity as a police officer for the CITY OF SAN JOSE, UNGER (Badge #3080), individually and in his capacity as a police officer for the CITY OF SAN JOSE, DEMARIA (Badge #3728), individually and in his capacity as a police officer for the CITY OF SAN JOSE, JEFFREY (Badge #3715), individually and in his capacity as a police officer for the CITY OF SAN JOSE, CRAWLEY (Badge #3357), individually and in his capacity as a police officer for the CITY OF SAN JOSE, | Case No. C09 00527 PVT <br><br> **COMPLAINT FOR DAMAGES** <br><br> (Violation of Civil Rights) <br><br> **JURY TRIAL DEMANDED** |

1

PURNELL (Badge #3627), individually and )
in his capacity as a police officer for the )
CITY OF SAN JOSE, CAHILL (Badge )
#3357) and BARRY (Badge #3703), )
individually and in his capacity as a police )
officer for the CITY OF SAN JOSE, and )
DOES ONE through FIFTY, )
)
               Defendants. )
)

## INTRODUCTION

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the Constitution, and the common law of the State of California, against the County of Santa Clara, the City of San Jose, Police Chief Robert Davis, San Jose Police Sergeant Evans, and Officers Epp, Morasci, Tran, Unger, DeMaria, Jeffrey, Crawley, Purnell, Cahill and Barry, and Does 1 through 50.

## JURISDICTION AND VENUE

2.     Jurisdiction is conferred upon the United States District Court by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

3.     The actions giving rise to Defendants' liability, as alleged in this Complaint, occurred within the Northern District of California. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b), and Local Rule 3-2(d).

## IDENTIFICATION OF PARTIES

4.     At all relevant times herein, Plaintiff MARLO CUSTODIO ("MARLO") was a resident of San Jose, California, and of full age.

5.     At all relevant times herein, Plaintiff MARILOU CUSTODIO ("MARILOU") was a resident of San Jose, California, and of full age.

6.     At all relevant times herein, Plaintiff ROMEL CUSTODIO ("ROMEL") was a resident of San Jose, California, and of full age.

7.     At all relevant times herein, Plaintiff OSCAR "O.J." CUSTODIO, JR. ("O.J.") was a resident of San Jose, California. O.J. attained the age of majority after the events in this complaint.

2

COMPLAINT
*Custodio v. State of California, et al.*, Case No.

8. Defendant COUNTY OF SANTA CLARA ("COUNTY") is a local government entity and a "person" under 42 U.S.C. § 1983.

9. Defendant CITY OF SAN JOSE ("CITY") is a local government entity and a "person" under 42 U.S.C. § 1983. CITY operates under its authority the San Jose Police Department (the "SJPD"), located in the City of San Jose, County of Santa Clara. At all times herein mentioned, CITY supervised, controlled and staffed the SJPD, its officers, agents and employees. At all times herein mentioned, CITY was responsible for appointing, training, supervising, disciplining, and removing SJPD officers, and for investigating complaints and/or charges against SJPD officers.

10. At all times relevant herein, Defendants EVANS (Badge #2339), EPP (Badge #3048), MORASCI (Badge #3292), TRAN (Badge #3269), UNGER (Badge #3080), DEMARIA (Badge #3728), JEFFREY (Badge #3715), CRAWLEY (Badge #3357), PURNELL (Badge #3627), CAHILL (Badge #3357) and BARRY (Badge #3703) (collectively, the "Officer Defendants") were each at all times relevant to this action duly appointed and acting officers of the SJPD and acted in such capacity as the agent, servant, and employee of CITY, and within the course and scope of their employment therewith. The Officer Defendants were at all times relevant to this action acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of California and/or the CITY. The Officer Defendants are sued in their individual capacities and in their capacities as SJPD Officers, under the supervision and control of CITY. At all relevant times, Defendant EVANS was also acting as the supervisor to the Officer Defendants and in that role was the moving force behind the alleged unconstitutional actions of Defendants which Plaintiffs allege in this complaint, and is therefore also sued in his official capacity as such supervisor.

11. At all times relevant, Defendant ROBERT DAVIS was the Chief of Police of the CITY and was the chief policymaker for the CITY responsible hiring, training, and supervising SJPD Officers and making policies governing searches, seizures, detentions, and the use of force by SJPD Officers. Defendant DAVIS was the moving force behind the alleged unconstitutional actions of Defendants which Plaintiffs allege in this complaint. At all times relevant, Defendant DAVIS was acting under color of law and within the course and scope of his employment. He is sued in his individual and official capacity.

3

COMPLAINT
*Custodio v. State of California, et al.*, Case No.

12. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend their Complaint when the true names and capacities of DOES 1 through 50 have been ascertained. Plaintiffs are informed and believe, and on that basis allege, that Defendants DOES 1 through 50 are responsible in some manner for the injuries suffered and damages incurred by Plaintiffs as alleged in this Complaint. Plaintiffs are further informed and believe and on this basis allege that at all times relevant, these Defendants were acting under color of law and within the course and scope of their employment with COUNTY or CITY. Any reference in this Complaint to "Defendant," "Defendants," the "Officer Defendants," or to a specifically-named Defendant refers also to Defendants DOES 1 through 50. Defendants are sued in their individual and official capacities.

## FACTS

### Violation of Plaintiff Marlo Custodio's Civil Rights

13. At approximately 6:00 p.m., on February 5, 2007, Plaintiff MARLO CUSTODIO and his girlfriend were sitting in the back seat of his mother's truck, parked by the side of the manmade lake near the high school, eating a take-out dinner.

14. Although it was not yet dark out, a police car pulled up behind them and shined its light in the car. MARLO opened the door to address the officer, Defendant EPP, who approached the car. Speaking and acting aggressively from the outset and with no reasonable cause to do so, EPP demanded to know what MARLO and his girlfriend was doing, to which MARLO politely replied they were waiting for his girlfriend's father to pick her up. With no probable cause to do so, EPP ordered MARLO out of the car.

15. MARLO began to comply and pointed to his shoes, which were sitting on the front seat. EPP then grabbed MARLO's wrists and placing two hands around MARLO's neck in a chokehold, pulled MARLO from the car and threw him to the ground. MARLO managed to speed-dial his mother on his cell phone while being manhandled and pleaded for help when she answered. Continuing to use unprovoked excessive and brutal force, EPP placed MARLO in a headlock and forced him to his knees. MARLO did not resist at any time.

//

16. While MARLO was on his knees with his head down and hands up in submission, without provocation, EPP aimed a taser gun at MARLO's chest and tased him at close range for at least 10-12 seconds, causing MARLO to suffer acute multiple contusions and taser wounds, requiring emergency medical care. At one point, EPP aimed his taser gun at MARLO's girlfriend as well despite the fact that she too had been compliant and cooperative throughout the entire ordeal.

17. On being tased, MARLO landed on the ground, completely unresistant. EPP then approached him, roughly wrenched MARLO's arms up in the air and then twisted them behind MARLO and cuffed him. Further without cause or provocation, EPP applied additional excessive force to MARLO's person, grinding his face into the ground. Throughout this ordeal, EPP verbally abused MARLO with expletives and racial epithets. At no time was MARLO told he was under arrest.

18. Defendants TRAN and MORASCI joined EPP at the scene. As MARLO lay handcuffed on the ground, EPP conducted an illegal search of MARLO's person and then proceeded to conduct an illegal search of the truck. In addition, Defendant MORASCI used execssive force on MARLO while MARLO lay prone and compliant on the ground. Defendant(s), including EPP and MORASCI verbally abused MARLO throughout this time period.

19. Defendants transferred MARLO to the station, where he was kept hand-cuffed to a chair, with no shoes and bare-chested (his shirt was cut off by the EMTs when they treated him for the tasing, and no substitute was offered or provided) for a prolonged period of time.

20. Defendants later placed MARLO in a cell. Defendant(s) conducted a strip and body cavity search on him with no probable cause to do so. Defendants did not release MARLO from custody until February 8, 2007, three days after his illegal arrest.

**Violation of Plaintiff Marilou Custodio's Civil Rights**

21. In the early evening on February 5, 2007, Plaintiff MARILOU CUSTODIO, mother of Plaintiffs MARLO, ROMEL and O.J., received a cell phone call from MARLO. MARLO told her he was at the lake and that he was being harassed by police. MARILOU immediately left for the lake with her younger son, O.J., who called his oldest brother, ROMEL, and asked him to meet them there.

22. On arriving at the lake, MARILOU approached Defendant(s) and asked what had happened to her son. Defendant(s) refused to acknowledge her despite multiple inquiries. She then

5

observed Defendants tackling her son ROMEL, who had just arrived on the scene. When she screamed in fear at the sight, without cause, Defendant(s) grabbed her from behind in a restraining lock hold, and used excessive and unnecessary force on her person, including by yanking her hair back, and slamming her head into the hood of a police vehicle.

23. Without cause for arrest, Defendants handcuffed MARILOU and forcibly thrust her into the back of a police vehicle. Her handcuffs were so tight that they caused her to sustain wrist burns. Defendants never told her that she was under arrest.

24. Defendants transferred MARILOU to police and held her for several hours in a holding cell and unreasonably her denied use of the bathroom despite her multiple requests.

25. Defendants subsequently transferred MARILOU transferred to the county jail. Defendant(s) ignored and/or denied MARILOU's requests for a lawyer. Once at county jail, Defendants hand-cuffed MARILOU to a chair for several hours. Defendants did not release her until the morning after the incident.

**Violation of Plaintiff Romel Custodio's Civil Rights**

26. In the early evening, on February 5, 2007, Plaintiff ROMEL CUSTODIO was summoned by telephone to Lakeside and Colonna, in San Jose, California, by his youngest brother, O.J.

27. On arriving at the lake, ROMEL approached a group of approximately eight armed officers, including, but not limited to, Defendants EVANS, CRAWLEY, CAHILL, DeMARIA, JEFFREY, MORASCI, BARRY, PURNELL and UNGER, standing in a semi-circle. ROMEL identified himself as MARLO's older brother and began to inquire as to MARLO's status. Defendant(s) refused to answer his question and directed him to leave the scene. ROMEL put his hands up in a pose of submission, and again asked to know what had happened to his brother. Completely without provocation, three or more of Defendants then tackled ROMEL to the ground.

28. Once ROMEL hit the ground, with his hands trapped under him, without cause and using excessive force, on orders of Defendant EVANS, Defendants CAHILL and CRAWLEY fired taser guns at ROMEL at close range, causing ROMEL to suffer acute taser wounds, as well as acute multiple contusions. Defendants, including Defendants CAHILL and CRAWLEY, held their taser

6

COMPLAINT
*Custodio v. State of California, et al.*, Case No.

guns and fired multiple taser pulses into ROMEL's body while he lay face down on the ground. Defendants then hand-cuffed him and proceeded to verbally abuse and harass him with expletives. While ROMEL was on the ground, Defendant(s) used additional excessive force on his person while verbally taunting him about his family.

29. ROMEL was subsequently arrested and transported to a hospital with multiple wounds from the taser shots. ROMEL was later arrested, then released that same night.

**Violation of Plaintiff Oscar "O.J." Custodio, Jr.'s Civil Rights**

30. On February 5, 2007, Plaintiff OSCAR "O.J." CUSTODIO, JR. and his mother responded to a call for help from his older brother, MARLO. On the scene, O.J. did not attempt to engage with Defendants and behaved with compliance. He saw Defendants' use of excessive force on his brother ROMEL, and on his mother, as described more fully above and incorporated herein. Defendants then ordered O.J. to lie on the ground, hand-cuffed him and threatened him with bodily harm.

31. After MARILOU, ROMEL and MARLO were transported from the scene and O.J. was left alone, Defendant(s) took an on-scene tape-recorded statement from O.J., an unaccompanied minor who was frightened and hurt. In conducting the interview, Defendant(s) attempted improperly to influence and direct O.J.'s statements so as to create a record that their illegal actions were justified.

**SJPD History of Excessive Force**

32. Plaintiffs are informed and believe and based thereon allege that Defendant CITY has received numerous complaints and has extensive additional information concerning the use of excessive force and other acts of misconduct in violation of the rules and procedures of the SPD and the rights of the public committed by SJPD officers, including but not limited to by the Officer Defendants.

33. Plaintiffs are informed and believe and thereon allege that at all times herein alleged it was the custom and policy of defendant CITY to permit its police officers to use excessive force against citizens. This custom and policy is evidenced by Defendant CITY's failure to train, supervise, discipline and/or investigate complaints and/or charges against SJPD officers who had a known propensity for excessive force. The acts herein described of the Officer Defendants were in keeping

7

COMPLAINT
*Custodio v. State of California, et al.*, Case No.

1  with said custom and policy of use of excessive force.

2      34.    Plaintiffs are informed and believe and thereon allege that at all times herein alleged it was the custom and policy of Defendant CITY to fail to train, supervise, discipline and/or investigate complaints and/or charges against SJPD officers and further that this custom and policy proximately caused the injuries to Plaintiffs and the violations of their constitutional rights.

3      35.    On September 4, 2007, Plaintiffs each presented their claims to CITY for the injuries, disabilities, losses, and damages suffered and incurred by them by reason of the acts heretofore described, all in compliance with the requirements of California Government Code section 905. CITY denied these claims in their entirety on March 18, 2008.

## DAMAGES

36.    As a direct and proximate result of the acts and omissions of Defendants, Plaintiffs have sustained damages, in an amount to be determined according to proof, including emotional distress, fear, anxiety, humiliation, embarrassment, and the deprivation of their constitutional rights to be free from unreasonable searches and seizures and from excessive force as guaranteed by the Fourth Amendment to the United States Constitution.  Plaintiffs MARLO, ROMEL and MARILOU CUSTODIO were also physically injured, causing pain and suffering, and incurred medical costs as a result.  All Plaintiffs have also suffered the violation of their constitutional rights and the loss of the sense of security, dignity, and pride as citizens and residents of the United States of America.

37.    Plaintiffs have retained attorneys to pursue their rights as asserted in this Complaint. Plaintiffs are entitled to an award of reasonable attorneys' fees incurred in the prosecution of this action against Defendants pursuant to 42 U.S.C. § 1988 and California Civil Code § 52 and 52.1.

38.    The conduct of the individual Defendants was intentional, reckless and oppressive and was done with the intent of depriving plaintiffs of their constitutional rights. The acts of the individual Defendants, therefore, are such that punitive damages should be imposed against them in an amount commensurate with the wrongfulness alleged herein.

//
//
//

COMPLAINT
*Custodio v. State of California, et al.*, Case No.

**FIRST CAUSE OF ACTION**
(Violation of Federal Civil Rights, 42 U.S.C. § 1983)
[By all Plaintiffs against all individually named Defendants]

39. Plaintiffs hereby realleges paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. Pursuant to 42 U.S.C. § 1983, Plaintiffs claim damages for the injuries set forth above, including, but not limited to, illegal search and seizure, false arrest, excessive force and unreasonable detention, under 42 U.S.C. § 1983 against all of the individually named Defendants for violation of Plaintiffs' constitutional rights under color of law.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**SECOND CAUSE OF ACTION**
(Violation of Federal Civil Rights, 42 U.S.C. § 1983 - Supervisory)
[By all Plaintiffs against Defendants EVANS and DAVIS and DOES 1 though 10]

41. Plaintiffs hereby reallege paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. Pursuant to 42 U.S.C. § 1983, Plaintiffs claim damages for the injuries set forth above, including, but not limited to, illegal search and seizure, false arrest, excessive force and unreasonable detention, under 42 U.S.C. § 1983 against Defendants EVANS and DAVIS and DOES 1 through 10, who had supervisory authority over the Officer Defendants who unlawfully detained Plaintiffs, used excessive force against Plaintiffs, and unlawfully searched Plaintiffs. These supervisory Defendants' conduct or inaction amounted to deliberate, reckless and callous indifference to Plaintiffs' constitutional rights and proximately caused the violation of those rights.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**THIRD CAUSE OF ACTION**
(Violation of Federal Civil Rights, 42 U.S.C. § 1983 - *Monell*)
[By all Plaintiffs against Defendants COUNTY and CITY]

43. Plaintiffs hereby reallege paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. At all times relevant, COUNTY and CITY developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of San Jose and Santa Clara County, which caused the violations of Plaintiffs' rights.

9

COMPLAINT
*Custodio v. State of California, et al.*, Case No.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FOURTH CAUSE OF ACTION
(False Arrest and Illegal Imprisonment)
[By Plaintiffs MARLO, MARILOU and ROMEL CUSTODIO against all Defendants]

45. Plaintiffs hereby reallege paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. On February 5, 2007, Defendants, and each of them, arrested Plaintiffs MARLO, MARILOU and ROMEL without process and illegally detained them.

47. Defendants deprived Plaintiffs MARLO, MARILOU and ROMEL of this freedom of movement by use of force, threats of force, and unreasonable duress.

48. Plaintiffs did not consent to their false arrest and false imprisonment and were harmed thereby.

49. Each Defendant's conduct was substantial factor in causing the alleged harm.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FIFTH CAUSE OF ACTION
(Assault)
[By all Plaintiffs against all Defendants]

50. Plaintiffs hereby reallege paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. On February 5, 2007, Defendants, and each of them, intended to harm or come into offensive contact with Plaintiffs.

52. Plaintiffs reasonably apprehended that Defendants were about to touch them in a harmful or offensive manner.

53. Plaintiffs did not consent to the conduct of any of the Defendants and were harmed thereby.

54. Each Defendant's conduct was a substantial factor in causing the harm alleged.

WHEREFORE, Plaintiffs pray for relief as set forth below.

//

//

10

COMPLAINT
*Custodio v. State of California, et al.*, Case No.

### SIXTH CAUSE OF ACTION
(Battery)
[By all Plaintiffs against all Defendants]

55. Plaintiffs hereby reallege paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56. On February 5, 2007, Defendants, and each of them, touched Plaintiffs MARLO, MARILOU, ROMEL and O.J., or caused them to be touched with the intent of harming or offending Plaintiffs.

57. Plaintiffs MARLO, MARILOU, ROMEL and O.J. did not consent to the conduct of any of the Defendants and were harmed thereby.

58. A reasonable person in Plaintiffs' situation would have been offended by Defendants' conduct.

59. Each Defendant's conduct was a substantial factor in causing the harm alleged.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
[By all Plaintiffs against all Defendants]

60. Plaintiffs hereby reallege paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61. On February 5, 2007, Defendants, and each of them, either engaged in outrageous conduct intended to cause Plaintiffs emotional distress or acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress.

62. Plaintiffs suffered severe emotional distress.

63. Each Defendant's conduct was a substantial factor in causing the severe emotional distress alleged.

WHEREFORE, Plaintiffs pray for relief as set forth below.

//
//
//
//

COMPLAINT
*Custodio v. State of California, et al.*, Case No.

**EIGHTH CAUSE OF ACTION**
(Negligence)
[By all Plaintiffs against all Defendants]

64. Plaintiffs hereby reallege paragraphs 1 through 63 of this Complaint as though fully set forth herein.

65. On February 5, 2007, Defendants, and each of them, were negligent in doing the acts alleged in this Complaint.

66. Plaintiffs were injured as a result of that negligence.

67. As a proximate result of that negligence, Plaintiffs suffered damages, including severe emotional distress.

68. Each Defendant's conduct was a substantial factor in causing the damage and severe emotional distress alleged.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**NINTH CAUSE OF ACTION**
(California Civil Code §§52(b), 52.1(b))
[By all Plaintiffs against all Defendants]

69. Plaintiffs hereby reallege paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70. On February 5, 2007, Defendants, and each of them, using threats, coercion and intimidation, interfered with and threatened to interfere with the Plaintiffs' rights guaranteed by the Fourth Amendment to the United States Constitution and Art. 1, § 13 of the California Constitution.

71. The actions of these Defendants, and each of them, was a substantial factor in causing Plaintiffs to sustain harm and the special and general damages which Plaintiffs will establish at trial.

72. The individually named Defendants acted with malice and oppression. These Defendants' conduct was intended to harm Plaintiffs or was despicable, carried out with a conscious disregard of Plaintiffs' rights or safety. Defendants' conduct also subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights. Plaintiffs are entitled to such statutory damages allowed by California Civil Code §§ 52(b) and 52.1(b).

WHEREFORE, Plaintiffs pray for relief as set forth below.

//

COMPLAINT
*Custodio v. State of California, et al.*, Case No.

## VII. RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For general, pecuniary and special damages, according to proof;

2. For exemplary damages against the individually named Defendants;

3. For statutory damages pursuant to California Civil Code §§ 52(b) and 52.1(b);

4. For reasonable attorneys fees, pursuant to 42 U.S.C. § 1988 on Plaintiffs' First, Second and Third Claims for Relief;

5. For reasonable attorneys fees, pursuant to California Civil Code §§ 52.1(h) on Plaintiffs' Ninth Claim for Relief;

6. For prejudgment interest pursuant to California Civil Code § 3288, or as otherwise permitted by law;

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court may deem just and proper.

Dated: February 4, 2009

GROSS BELSKY ALONSO LLP

By: _____
Monique Alonso

Attorneys for Plaintiffs

COMPLAINT
*Custodio v. State of California, et al.*, Case No.

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury.

Dated: February 4, 2009

GROSS BELSKY ALONSO LLP

By: _____
Monique Alonso

Attorneys for Plaintiffs

COMPLAINT
*Custodio v. State of California, et al.*, Case No.